IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RANDY JOEL McDONALD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:17-CV-0154 |
| | § | |
| JOEL W. RICHARDSON, Sheriff, | § | |
| Randall County, Texas, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO
## DISMISS FOR FAILURE TO PAY FILING FEE

Petitioner, an inmate in the Randall County Jail, has filed with this Court a form Petition for a Writ of Habeas Corpus by a Person in State Custody in an attempt to initiate a federal habeas corpus proceeding in this Court. Petitioner did not submit any payment to satisfy the requisite filing fee but submitted an Application to Proceed *In Forma Pauperis*. Petitioner provided with his application, a form Certificate of Inmate Trust Account. This document, however, is not the certified *in forma pauperis* data sheet from the institution in which he is confined required by the Court. The document submitted appears to have been completed by petitioner and lacks the authenticating signature of the custodian of records for petitioner's trust account. Additionally, by petitioner's own admission, he currently receives average monthly deposits "from $617.50/400-300."[1]

---

[1] In another application to proceed *in forma pauperis* in another case filed by petitioner less than a week prior to this one petitioner stated he currently receives $300.00 a month from American General Western National Life and Casualty and $617.50 a month from the Social Security Administration.

Hab54\R&R\McDonald-154.DNY:1

Petitioner does not qualify for a grant of pauper's status. Petitioner has possessed, or has had access to, the funds needed to pay the $5.00 filing fee in the instant cause and should have included such payment with the submission of his application or subsequent to such submission. Petitioner's application should be DISMISSED for failure to pay the requisite fee.

Even if petitioner were to pay the requisite $5.00 filing fee his application for habeas relief should be denied. Viewing the petition liberally, petitioner's habeas application is incoherent. The application fails to clearly state whether he is challenging a conviction or sentence (and if so which one), whether he is challenging a pre-conviction detention, or whether he is attempting to initiate a civil rights lawsuit pursuant to 42 U.S.C. § 1983 or some other civil action. The confusion is enhanced by petitioner's request for relief which appears to includes that he not be charged, indicted or convicted and that he be compensated as a crime victim with an injury for missing three surgeries due to his illegal incarceration.

Since the filing of his habeas petition, the Randall County online docket reflects petitioner was indicted, on August 24, 2017, for the offense of possession of a controlled substance, enhanced, a state jail felony. If petitioner is attempting to challenge his incarceration related to this crime, he has failed to state the grounds on which he contends he is being unlawfully held.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner RANDY JOEL McDONALD be DISMISSED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to all parties by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this _24th_ day of August 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).